United States District Court
Southern District of Texas

**ENTERED**

July 28, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Silvestre Castillo Gallegos, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4373 |
| | § | |
| Patrick Contreras,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION

Petitioner Silvestre Castillo Gallegos is a native and citizen of Mexico charged with unlawfully entering the United States. Doc. 1-1 at 4. On May 6, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Montgomery Processing Center, in Conroe, Texas. *Id.*, Doc. 1 ¶ 21. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the *Accardi* Doctrine.[2] Doc. 1 ¶¶ 57–88, 98–110. Additionally, Petitioner contends that his detention constitutes

---

[1] Petitioner named Bret Bradford in his official capacity as United States Immigration and Customs Enforcement and Removal Operations Field Office Director for the Houston area. *See* Doc. 1. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor, Patrick Contreras. Fed. R. Civ. P. 25(d).

[2] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267-68 (1954).

arbitrary and capricious agency action and may be set aside under the Administrative Procedure Act. *Id.* ¶¶ 89–97.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "alien seeking admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7 at 6; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[3] The Court further held that "habeas corpus, not the APA, is the proper vehicle" to challenge pre-removal-order detention. *Id.* at *6 (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH

---

[3] To the extent Petitioner argues his present detention constitutes arbitrary government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 1 ¶ 23, the Court also considered and rejected this argument. *Campos Bernal*, 2026 WL 1804234 at *4 n.4.

PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 28th of July, 2026.

_____

Nicholas J. Ganjei
United States District Judge